**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellant,

v.

JOHN EUGENE WALKER,

      Defendant - Appellee.

No. 15-4171

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:13-CR-00379-CW-1)**
_____

Jeannette F. Swent, Assistant United States Attorney (John W. Huber, United States Attorney, with her on the briefs), Office of the United States Attorney, District of Utah, Salt Lake City, Utah, for Plaintiff-Appellant.

Scott Keith Wilson, Assistant Federal Public Defender, (Kathryn N. Nester, Federal Public Defender, with him on the brief), Office of the Federal Public Defender, Salt Lake City, Utah, for Defendant-Appellee.

_____

Before **HARTZ**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

      The government appeals the sentence of Mr. John Eugene Walker, a serial bank robber who pleaded guilty to two counts of bank robbery. *See*

18 U.S.C. § 2113(a). Mr. Walker attributed his criminal history to an addiction to drugs and alcohol. Hoping to overcome this addiction, Mr. Walker asked for an opportunity to attend in-patient treatment before he was sentenced. The district court agreed and the treatment program appeared to be successful. Mr. Walker's success in the treatment program led the district court to impose a sentence of time served, giving credit for the 33 days spent in pretrial detention.

In our view, this sentence was unreasonably short based on the statutory sentencing factors and our precedent. As a result, we reverse.

1. **The abuse-of-discretion standard**

Though district courts have broad discretion at sentencing, the sentence must be substantively reasonable. *United States v. Hanrahan*, 508 F.3d 962, 969 (10th Cir. 2007). Substantive reasonableness focuses on the length of the sentence and requires that sentences be neither too long nor too short. *Id.* The reasonableness of a sentence is reviewable under the abuse-of-discretion standard. *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009).

In reviewing a sentence for substantive reasonableness, we recognize that the job of sentencing criminal defendants is difficult. The court must individualize sentences without creating unwarranted sentencing disparities. And the court must consider the seriousness of crimes while recognizing the uniqueness of the individuals committing crimes.

In carrying out these difficult tasks, sentencing judges enjoy a unique perspective and a superior opportunity to interact with the defendant. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). In this case, the sentencing court sincerely tried to craft a just sentence. In doing so, however, the court placed inadequate weight on the factors required by Congress. Under those factors, the sentence was substantively unreasonable.

**2.     Alleged waiver of the government's sentencing arguments**

Mr. Walker makes two waiver arguments.

First, Mr. Walker urges waiver by the government's failure to object to postponement of the sentencing. This postponement allowed Mr. Walker to obtain substance-abuse treatment.

In postponing the sentencing, the district court indicated that (1) it would sentence Mr. Walker after he attended treatment and (2) a successful recovery might influence the ultimate sentencing decision. The government's failure to challenge the postponement does not mean that the government waived a challenge to the eventual sentence. After all, the government could justifiably acquiesce in the postponement but object to a later sentence of time served.

Second, Mr. Walker argues that the government (1) failed to argue that his recent rehabilitation should be discounted in light of his extensive criminal history and drug and alcohol abuse and (2) acquiesced in a

3

sentence below the guideline range by acknowledging that a sentence of more than ten years would be excessive.

Generally, claims of substantive reasonableness need not be raised in district court. *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006). An exception exists if the government invited the error. *United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (10th Cir. 2007). But the government did not invite error. The government simply agreed that a sentence of more than ten years would be excessive; there was no suggestion that a time-served sentence would be sufficient.

Nor did the government waive its challenge by failing to object to consideration of Mr. Walker's post-offense rehabilitation. Even now, the government does not object to the consideration of Mr. Walker's recent progress. Instead, the government argues that this progress could not justify a time-served sentence. For this argument, the government had no reason to object to any consideration of Mr. Walker's recent progress in drug treatment.

The government did not waive its argument on substantive reasonableness.

**3.    The statutory sentencing factors**

The sentencing court's discretion is constrained by Congress, which requires consideration of seven factors:

1.    Offense and offender characteristics;

4

2.	the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation;

3.	the sentences legally available;

4.	Sentencing Commission Guidelines;

5.	Sentencing Commission policy statements;

6.	the need to avoid unwarranted sentencing disparities; and

7.	the need for restitution.

*Rita v. United States*, 551 U.S. 338, 347-48 (2007); *see* 18 U.S.C. § 3553(a).

Our review of this sentence for substantive reasonableness is informed by the district court's consideration of these factors and explanation for the sentence. *United States v. Park*, 758 F.3d 193, 201 (2d Cir. 2014) (per curiam). Applying the factors, the district court imposed a sentence of "time served." We conclude that the sentence of time served, 33 days in pretrial detention, was unreasonably short.

*Offense and offender characteristics*. The district court acknowledged that the offenses were serious, robbery of two banks. This factor weighs against a time-served sentence. *See United States v. Friedman*, 554 F.3d 1301, 1309 (10th Cir. 2009).

The court also considered the defendant's history and characteristics. Mr. Walker has admittedly committed more than a dozen bank robberies. *See* Def.'s Sentencing Mem. at 1-2 (May 6, 2014), ECF No. 30 ("On the one hand, [Mr. Walker has] committed more than a dozen bank robberies in his lifetime. . . ."). Nonetheless, the court viewed the defendant's history and characteristics to support leniency because Mr. Walker

- had successfully completed a program to overcome addiction to alcohol and drugs,

- had joined a faith-based community, which provided him with support,[1]

- had a supportive family, and

- had employment.

Appellant's App'x vol. I at 73-74.

These factors could reasonably support leniency. Mr. Walker attributed his history of robbing banks to addiction. And, according to defense counsel, Mr. Walker had remained sober for eighteen months when he appeared for sentencing. *See id.* at 50 (defense counsel stating at sentencing that Mr. Walker "has 18 months of sobriety").[2]

---

[1]     Though religion is an impermissible sentencing factor, a district court may consider the changes in a defendant's life following a religious conversion. *See United States v. Clay*, 483 F.3d 739, 744 (11th Cir. 2007).

[2]     We note that Mr. Walker had once overcome his addiction for a three-year period before relapsing and robbing two banks.

6

This factor points both ways: The nature of the offense weighs strongly against a time-served sentence, and the offender's characteristics could reasonably support leniency.

*The need for a sentence to reflect the basic aims of sentencing.* The court must consider whether the sentence would reflect the seriousness of the offense and promote respect for the law. 18 U.S.C. § 3553(a)(2)(A). Thus, the length of the sentence should reflect the "harm done" and "the gravity of the defendant's conduct." S. Rep. No. 98-225, at 75 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3258. As noted above, bank robbery is a serious crime.

The district court also had to consider the need for a just punishment. 18 U.S.C. § 3553(a)(2)(A). Mr. Walker states that he was punished by his 33 days in pretrial detention and 13 months in a residential treatment program. But the pretrial detention and residential treatment did not constitute punishment. Mr. Walker was temporarily detained for 33 days because he had requested postponement of his detention hearing and confinement was statutorily required prior to the hearing. 18 U.S.C. § 3142(f). And Mr. Walker wanted to attend in-patient treatment; the court simply permitted Mr. Walker to obtain that treatment before he was sentenced. The district court did not provide any punitive sanctions for the two bank robberies.

The district court must consider not only the crime's seriousness and the need for just punishment, but also the need to deter the defendant and others. 18 U.S.C. § 3553(a)(2)(B). The district court concluded that a lengthy sentence was unnecessary to deter or rehabilitate Mr. Walker. This conclusion was reasonable. But the district court apparently dismissed the relevance of deterrence to others: "The need to deter others, I don't give much stock in the fact that others are deterred by the fact that you're sent to prison for a long time." Appellant's App'x vol. I at 74.

In our view, this explanation conflicted with Congress's directive to sentencing judges. "General deterrence . . . is one of the key purposes of sentencing . . . ." *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006); *see also United States v. Milo*, 506 F.3d 71, 76 (1st Cir. 2007) ("The need to deter others is under federal law a major element in criminal sentencing."). This purpose becomes particularly important when the district court varies substantially from the sentencing guidelines. *See United States v. Musgrave*, 761 F.3d 602, 609 (6th Cir. 2014) ("Consideration of general deterrence is particularly important where the district court varies substantially from the Guidelines.").

The district court gave inadequate attention to this purpose. The court reasonably concluded that no further prison time would be necessary to deter Mr. Walker, but did not "give much stock" in the importance of

8

general deterrence. Federal law required the court to put its skepticism aside. 18 U.S.C. § 3553(a)(2)(B).

Finally, the court had a statutory obligation to consider the value of incapacitation. *Rita v. United States*, 551 U.S. 338, 347-48 (2007). But this factor was never mentioned at the sentencing. The value of incapacitating Mr. Walker further supports incarceration of Mr. Walker.

Ultimately, the congressional aims of sentencing weigh against a time-served sentence.

*The sentences legally available*. The district court must consider the kinds of available sentences. 18 U.S.C. § 3553(a)(3). But this consideration is not pertinent here.

*Sentencing Commission Guidelines*. Congress established the sentencing guidelines to provide objective benchmarks for the selection of an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007). Thus, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).

Under the guidelines, Mr. Walker faced between 151 and 188 months in prison. The district court could vary downward, but here it varied down all the way to time served—33 days in pretrial detention—which amounted to 0.718% of the bottom of the guideline range. This factor weighs against a time-served sentence.

9

*Sentencing Commission policy statements*. The district court must also consider the Sentencing Commission's policy statements. But the parties have not identified any pertinent policy statements.

*The need to avoid unwarranted sentencing disparities*. The district court must consider the need to avoid unwarranted disparities with other sentences. 18 U.S.C. § 3553(a)(6). In district court and our court, Mr. Walker has failed to identify a single other sentence of "time served" or only a month or two in prison for someone convicted of bank robbery. Here Mr. Walker was convicted of two bank robberies after admittedly committing more than ten other bank robberies.

The government identifies other sentences for bank robbery that were far longer than Mr. Walker's sentence. Mr. Walker correctly points out that these cases involve different facts. *See United States v. Franklin*, 785 F.3d 1365, 1372-73 (10th Cir. 2015). Nonetheless, Mr. Walker has not identified a single case in which a career offender or convicted bank robber received a sentence of 33 days (or a comparable period); Mr. Walker was a career offender who had admittedly committed more than twelve bank robberies. His sentence of time served creates an unwarranted sentencing disparity. As a result, this factor weighs against a time-served sentence.

*The need for restitution*. Federal law ordinarily requires consideration of a potential need for restitution (18 U.S.C.

10

§ 3553(a)(2)(7)), but this appeal does not involve a judgment for restitution.

* * *

Of the seven sentencing factors, three factors weigh against a time-served sentence, one points both ways, and three are inapplicable. We recognize that these factors do not necessarily bear equal weight, and the district court bore the delicate task of balancing these factors.

In balancing these factors, the district court focused almost exclusively on Mr. Walker's newfound sobriety. We do not question the materiality of this factor. But by declining to impose any prison time, the district court effectively failed to give any weight to the congressional values of punishment, general deterrence, incapacitation, respect for the law, and avoidance of unwarranted sentencing disparities. *See United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008) ("[A] sentence may be unreasonable if it is grounded solely on one factor, relies on impermissible factors, or ignores relevant factors."); *United States v. Ward*, 506 F.3d 468, 478 (6th Cir. 2007) (stating that a sentence may be substantively unreasonable if the court failed to consider pertinent section 3553(a) factors or gave an unreasonable amount of weight to any one factor).

11

**4.      Precedent**

We addressed a similar issue in *United States v. Friedman*, 554 F.3d 1301 (10th Cir. 2009). There too the defendant pleaded guilty to bank robbery, triggering a guideline range of 151 to 188 months. *Friedman*, 554 F.3d at 1302, 1308. The district court imposed a sentence of 57 months, and we concluded that this sentence was substantively unreasonable because (1) the defendant had an extensive history of recidivism and lacked remorse and (2) the 57-month sentence created unwarranted sentence disparities. *Id.* at 1307-14.

Unlike the defendant in *Friedman*, Mr. Walker expressed remorse for his crimes and his sobriety supported leniency in ways that had been absent in *Friedman*. But Mr. Walker had a longer history of committing bank robberies than did the *Friedman* defendant and Mr. Walker's 33 days in pretrial detention involved less than 2% of the prison time meted out to the *Friedman* defendant. Mr. Walker admitted to more than twelve bank robberies and had felony convictions not only for bank robbery but also for possession of controlled substances and possession of a controlled substance with intent to distribute. And while on release conditions, he had absconded supervision, possessed methamphetamine, possessed methamphetamine with intent to distribute, and driven a vehicle while intoxicated.

If the 57 months of incarceration in *Friedman* was an unreasonably light sentence, Mr. Walker's 33 days in pretrial detention was also unreasonably light. Mr. Walker was more remorseful than the defendant in *Friedman*, but had an even worse criminal record and was given only a small fraction of the prison time imposed in *Friedman*.

**5.    Conclusion**

We conclude that 33 days in pretrial detention constitutes an unreasonably short sentence. For admittedly robbing two banks as an armed career offender, Mr. Walker would avoid any punishment and the sentence would give little or no weight to the congressional values of punishment, general deterrence, incapacitation, respect for the law, and avoidance of unwarranted sentence disparities. In these circumstances, we regard the sentence as substantively unreasonable.

Reversed and remanded for resentencing consistent with this opinion.

15-4171, *United States v. Walker*

**HARTZ,** Circuit Judge, concurring:

I concur in the judgment and join Judge Bacharach's opinion except in one respect. I cannot agree that the offense-and-offender-characteristics factor is neutral in assessing the reasonableness of Mr. Walker's sentence. His short period of apparent rehabilitation hardly counterbalances the seriousness of his offense and his extensive criminal record.