BALDOCK, Circuit Judge,
dissenting.
By all accounts this case is a difficult one, and the Court reaches its conclusion in a meticulous and persuasive opinion. Nonetheless, I cannot vote to affirm Defendant’s sentence. As the Court correctly points out, “we review a sentence for substantive reasonableness ‘under a deferential abuse-of-discretion standard,’ ” United States v. Craig, 808 F.3d 1249, 1261 (10th Cir. 2015) (quoting United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008)), and “we will ‘find an abuse of discretion only if the district court was arbitrary, capricious, whimsical, or manifestly unreasonable when it weighed the permissible § 3553(a) factors,’” id. (emphasis added) (quoting United States v. Sanchez-Leon, 764 F.3d 1248, 1267 (10th Cir. 2014)). Given that Defendant (1) lured this young woman to an apartment building, (2) laid in wait for her to arrive, (3) pointed what she believed was a deadly gun at her, (4) forced her back into her car, (5) handcuffed her, (6) covered her eyes with a sleeping mask and put a neck pillow behind her head to make her appear as if she was sleeping, (7) drove across state lines to Kansas where he planned to imprison his victim at a bed-and-breakfast for three weeks, (8) blamed her during their eight-hour car ride for making him engage in these actions, and (9) at one point forced her to kiss him, a sentence of time served — a mere 70 days — is in my view manifestly unreasonable under § 3553(a).
The district court’s decision to vary downward based on Defendant’s aberrational behavior is understandable. I am equally sympathetic to Defendant’s serious mental illness and the effect that rightfully played in the district court’s pronounced sentence. Defendant is (or at least was) a very troubled young man, and I am encouraged to hear that proper medical treatment has had a positive influence on his life. Let us hope that he continues to improve as his life moves forward.
But whatever influence these two factors should have had on Defendant’s sentence, they are not so significant as to merit a term of imprisonment that lasted just slightly longer than two months. Section 3553(a)(2)(A) — “the need for the sentence imposed ... to reflect the seriousness of the offense ... and to provide just punishment for the offense” — demands a substantially longer prison sentence. Defendant literally kidnapped this young woman at gunpoint (that it was a BB gun made little difference when she could not have known otherwise) and held her captive against her will for several hours. Short of physical torture, rape, or attempted murder, few other crimes would be so traumatizing. Although this conclusion should be obvious in itself, the record reaffirms the destructive consequences Defendant’s actions had on the victim: among many other side effects, she has extreme anxiety and paranoia, suffers from post-traumatic stress disorder, and fantasizes about committing suicide. To be sure, this poor girl’s experience did not end when police officers *1242 finally apprehended Defendant on a freeway in Kansas. Instead, her experience continues (and perhaps will continue for the rest of her life) in the form of the awful memories she unwillingly relives over and over.
The heinous nature of Defendant’s crime and its demand for just punishment thus cast a wide shadow over Defendant’s fleeting sentence that I cannot ignore. And although, as the majority recognizes, the district court indicated it had sincerely considered the seriousness of the offense and the effect it had on the victim, a time-served sentence does not reasonably reflect these concerns even after factoring in the large amount of deference we owe the district court. No matter how out of character it was for Defendant to kidnap an ex-girlfriend (wouldn’t this be out of character for the vast majority of people?) and no matter how significant a role Defendant’s mental illness played in him choosing to kidnap an ex-girlfriend (a mental illness that no one contends was so debilitating that it negated Defendant’s intent to commit this crime), a kidnapping is still a kidnapping. Seventy days in jail for that crime is ludicrous. A sentence as unjustly short as that speaks louder than the words the district court used to support its reasons for imposing that sentence.
Perhaps most concerning is the district court’s focus on both parties’ immaturity. Although the majority persuasively makes the case that the district court appropriately considered this “perfect storm of immaturity” as part of the nature and circumstances of the offense under § 3553(a)(1), the district court’s consideration of immaturity appears to me to be nothing more than a veiled attempt to rationalize what Defendant did as “kids being kids” or “boys being boys.” Again, this was a kidnapping at gunpoint, it lasted eight hours, and en route Defendant blamed the victim for what was happening and solicited a kiss from her while she was under extreme duress. This was not some light mischief. This was a serious felony that originally called for a Guidelines range of 108-135 months’ imprisonment. I am aware of no other instance where such an atrocious federal crime can be explained away by “immaturity,” especially by a man who was six years older than the age at which an individual can fight and die for his or her country. What if Defendant had raped the victim under some “immature” opinion that a man is entitled to do that to an ex-girlfriend? Would his “immaturity” save him from a harsh sentence then, or would the victim’s “immaturity” somehow weigh in favor of giving him a more lenient sentence? To me, the same logic should apply to a kidnapping at gunpoint, and I suspect the young lady in this case would feel the same.
Further, even if not immaturity, my experience on the federal bench has taught me that a large percentage of individuals who commit heinous crimes can point to some mitigating factor — drug addiction, childhood abuse, a life of poverty, etc.— that partially fuels their decision to commit those crimes. But whatever effect these factors should have on lessening their sentences, they are almost never so significant that they warrant letting these individuals walk away with time-served sentences. A person — male or female, rich or poor, mature or immature — who intends to commit a heinous crime and then goes through with that crime must face the appropriate consequences for what he or she has done. And while I’m not so audacious as to speculate what these consequences should be for each and every serious crime in each and every individual circumstance, I feel comfortable concluding that a time-served sentence of 70 days for a well-thought-out, eight-hour-long, meant-to-appear-as-if-by-deadly-firearm kidnapping is woefully insufficient even when the kidnapper and *1243 victim were both immature. Cf. United States v. Walker, 844 F.3d 1253, 1255, 1259 (10th Cir. 2017) (holding that a time-served sentence of 33 days for armed bank robbery was substantively unreasonable even though the defendant’s addiction to drugs and alcohol fueled his crimes).
But if a sentence of 70 days’ imprisonment is not appropriate, what is? Perhaps a sentence of 70 months’ imprisonment— still a significant downward variance from Defendant’s suggested Guidelines range of 108-135 months’ — would have done the job. Or perhaps even 70 weeks’ imprisonment — just over a year — would have been “sufficient, but not greater than necessary” after considering Defendant’s aberrant behavior and mental illness. 18 U.S.C. § 3553(a). As an appellate court, we are not in a position to determine what the precise term of imprisonment should be. See United States v. Friedman, 554 F.3d 1301, 1310 (10th Cir. 2009) (“[T]his court is well aware that the district court is in a ‘superior position to find facts and judge their import under § 3553(a).’” (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007))). But we do stand as a check against manifestly unreasonable sentences. And whatever a reasonable sentence is for the traumatizing kidnapping in this specific case, it is surely not a mere 70 days.
Let me again echo what I noted at the beginning: this case is a difficult one. But what makes it difficult is not whether we ourselves would have imposed a different sentence in the first instance. That alone would be “insufficient to justify reversal of the district court,” Gall, 552 U.S. at 51, 128 S.Ct. 586, and I believe the majority’s concluding paragraph suggests that it also would have chosen a different sentence for Defendant if it had the first shot at it. Instead, this case is difficult because the district court’s sentence teeters on “the bounds of permissible choice” — or, stated differently, pushes the limits of discretion to the very extreme. United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007) (quoting United States v. Ortiz, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)). Unlike the majority, however, my belief is that the district court’s decision to impose a time-served sentence of 70 days on Defendant fell on the wrong side of that boundary. I therefore respectfully dissent.