**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARY JORDAN,

    Defendant - Appellant.

No. 16-3370
(D.C. No. 2:16-CR-20022-JAR-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE, HARTZ,** and **BACHARACH**, Circuit Judges.
_____

This appeal is brought by Mr. Gary Jordan, who was convicted of three charges arising from an armed bank robbery. The district court sentenced Mr. Jordan to prison for 360 months. He appeals, arguing that the sentence is substantively unreasonable because the district court failed to meaningfully consider a methamphetamine addiction. We disagree.

---

[*]     The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**I.     We apply the abuse-of-discretion standard.**

The length of a sentence must be substantively reasonable. *United States v. Walker,* 844 F.3d 1253, 1255 (10th Cir. 2017). We review the substantive reasonableness of Mr. Jordan's sentence under the abuse-of-discretion standard. *United States v. Friedman,* 554 F.3d 1301, 1307 (10th Cir. 2009). Under this standard, we consider a sentence substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable. *United States v. Lente,* 759 F.3d 1149, 1158 (10th Cir. 2014).

To exercise this discretion, the district court must

- "individualize sentences without creating unwarranted sentencing disparities" and

- "consider the seriousness of the crimes while recognizing the uniqueness of the individuals committing crimes."

*Walker,* 844 F.3d at 1255. In individualizing a sentence, the district court occupies an ideal position because of the opportunity to observe and interact with the defendant. *Id.*

**II.    The district court applied an upward departure and variance.**

Mr. Jordan pleaded guilty to three charges: (1) armed bank robbery, (2) use of a firearm during and in relation to a crime of violence, and (3) possession of a firearm after a felony conviction. *See* 18 U.S.C.

2

§§ 2113(a), (d), 922(g)(1), 924(a)(2), (c)(1)(A). The crimes stemmed from Mr. Jordan's robbery of a bank while carrying a semiautomatic firearm. Mr. Jordan drove the getaway car, with 2 adults and a 19-month-old child. A high-speed chase ensued, with one of the robbers shooting at police cars in hot pursuit. The chase ended when Mr. Jordan crashed his car, quickly got out, and tried to carjack a nearby motorist. At that point, Mr. Jordan was finally captured.

The district court calculated a total offense level of 31 and assigned a criminal-history category of IV. Based on this offense level and criminal-history category, the guideline range was 151 to 188 months. But the district court departed and varied upward to 360 months. In departing upward, the district court invoked guideline application notes addressing the extent of the danger and the degree of culpability.

For the extent of the danger, one application note authorizes an upward departure when the conduct creates a substantial risk of death or bodily injury to more than one person. U.S.S.G. § 3C1.2 cmt. n.6. Invoking this application note, the district court reasoned that Mr. Jordan's conduct had endangered officers, bystanders, and a 19-month-old child.

For the degree of culpability, another application note authorizes an upward departure when the degree of culpability exceeds recklessness. *Id.*

3

cmt. n.2. Invoking this application note, the district court reasoned that the car chase had involved misconduct that was intentional rather than just reckless.

The court also concluded that an upward variance was appropriate. For the variance, the court discussed two of the factors in 18 U.S.C. § 3553(a): (1) the characteristics of the defendant, and (2) the nature and circumstances of the offense. In addressing Mr. Jordan's personal characteristics, the district court noted an abusive childhood and a need for counseling and substance-abuse treatment, which would weigh against an upward variance. But the court also discussed the nature of Mr. Jordan's crime, emphasizing the danger to others. This danger led the district court to decide on a 360-month sentence.

### III. The sentence of 360 months fell within the district court's discretion.

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Lente,* 759 F.3d at 1155.

Mr. Jordan contends that the overall length of his sentence is substantively unreasonable because the district court did not consider Mr.

4

Jordan's methamphetamine addiction.[1] We disagree. The district court did consider the methamphetamine addiction but also considered Mr. Jordan's use of firearms, the presence of a 19-month-old child in the back seat of the car, and the danger to bystanders and officers. *See United States v. Stile*, 845 F.3d 425, 433 (1st Cir. 2017) (holding that a sentence was substantively reasonable because the district court considered the defendant's drug addiction but also considered his planning of the crime, his threats, and the need for deterrence).

Considering these factors, the district court determined that an upward departure and variance were appropriate. Mr. Jordan disagrees, arguing that the district court gave insufficient weight to the addiction. The threshold issue is how to approach challenges to the weight given a particular sentencing factor.

We have sometimes held that we cannot disturb a sentence based on the district court's weighing of a statutory sentencing factor. *See*, *e.g.*, *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) (stating that we cannot examine the weight that a district court assigns to statutory sentencing factors). But other times, we have considered whether a district court had given a particular factor too much or too little weight.

---

[1] The government contends that Mr. Jordan waived his challenge to the upward departure. For the sake of argument, we assume that the government is incorrect.

For example, in *United States v. Walker*, 844 F.3d 1253 (10th Cir. 2017), we held that a bank robber's sentence was unreasonably short because of the district court's assignment of inadequate weight to statutory factors supporting a longer sentence. 844 F.3d at 1255. So, there are at least some circumstances in which we will reverse based on a district court's assignment of weight to a particular sentencing factor.

But these circumstances are rare. In *Walker*, for example, we were addressing a sentence of time served (33 days in pretrial confinement for a serial bank robber). *See id.* at 1255, 1258. Our case is far different.

Here, the sentencing court expressly considered mitigating factors, consisting of not only the methamphetamine addiction but also an abusive childhood and a learning disability. In addition, however, the court considered three other factors supporting a heavy sentence:

1.  Mr. Jordan endangered dozens by driving the getaway car over 100 mph, veering into oncoming traffic, forcing cars out of their lanes, driving on the shoulder, and running stoplights while a companion shot at pursuing police cars. All the while, Mr. Jordan knew that a 19-month-old child was in the back seat.

2.  Mr. Jordan tried to carjack an automobile even after the chase had ended in a crash.

3.  Mr. Jordan had six prior felony convictions in which two involved firearms.

6

The district court had to balance these aggravating circumstances against the mitigating factors, such as the addiction to methamphetamine. One count could have resulted in a life sentence; two of the counts could have resulted in a 35-year sentence. *See* 18 U.S.C. §§ 924(a)(2), 924(c)(1)(A), 2113(d). The district court ultimately decided on a sentence totaling 360 months for all of the counts. This balancing of the statutory factors was not arbitrary, capricious, whimsical, or manifestly unreasonable. Thus, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7