FILED
United States Court of Appeals
Tenth Circuit

June 25, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS CRUZ-ARTIAGA, a/k/a Helmer
Isaias Calix-Arteaga,

    Defendant - Appellant.

No. 17-1399
(D.C. No. 1:17-CR-00184-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Carlos Cruz-Artiaga pleaded guilty to illegally reentering the United States

after being convicted of an aggravated felony. _See_ 8 U.S.C. § 1326(a) and (b)(2).

It was his fourth such conviction, and at sentencing, the district court recognized the

need to deter Mr. Cruz-Artiaga's conduct. Consequently, the court considered the

sentencing factors under 18 U.S.C. § 3553(a) and varied up from the applicable

sentencing guideline range of 33 to 41 months to sentence Mr. Cruz-Artiaga to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

45 months in prison. Mr. Cruz-Artiaga now contends his sentence is substantively unreasonable because the district court over-emphasized the need for deterrence. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

I

We review the district court's sentence "for reasonableness under an abuse-of-discretion standard." *Peugh v. United States*, 569 U.S. 530, 537 (2013). The court acts "within its discretion unless the sentence was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Franklin*, 785 F.3d 1365, 1370 (10th Cir. 2015) (internal quotation marks omitted). Our review for reasonableness involves a procedural and a substantive component. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). Procedural review questions whether the sentence was correctly calculated and explained, while "[s]ubstantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 1214-15 (internal quotation marks omitted).

"Although sentences imposed within the correctly calculated [g]uidelines range may be presumed reasonable on appeal, sentences imposed outside the [g]uidelines range may not be presumed unreasonable." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). When the district court deviates from the applicable guideline range, "we consider the extent of the deviation but give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). We are not at

2

liberty to reverse a sentence just because we "might reasonably have concluded that a different sentence was appropriate." *Gall v. United States*, 552 U.S. 38, 51 (2007).

## II

The district court adopted the sentencing guideline range of 33 to 41 months' imprisonment prescribed by the presentence investigation report. The parties filed competing motions to vary from range, however, with the government seeking an upward variance to 48 months and Mr. Cruz-Artiaga requesting a downward variance to 24 months. At sentencing, the government emphasized that this was Mr. Cruz-Artiaga's fourth conviction for unlawfully reentering the United States. The government argued that an upward variance was warranted because his prior sentences of 15, 28, and 37 months in prison, respectively, were insufficient to deter him from once again reentering the United States illegally. The government also noted that he was detained by immigration officials in this case after he was stopped for driving under the influence.

Mr. Cruz-Artiaga responded that it was inappropriate to narrowly focus on deterrence. He insisted that doing so would lose sight of other mitigating factors, namely his efforts to help another man from Honduras, stay away from drugs, hold legitimate jobs, and generally be a good person while in this country. He suggested he was "not hurting people" or "actively engaging in a criminal lifestyle" and urged the court to stop "ratcheting up" his sentence. R., Vol. 3 at 51-52. Moreover, he discouraged the court from using tax dollars to impose a more-lengthy sentence, noting a longer prison term could put him at greater risk of joining a prison gang.

For the most part, the district court was unpersuaded by Mr. Cruz-Artiaga's arguments. The court explained it was not focusing solely on deterrence and, in considering and weighing the § 3553(a) factors, it was not prevented from emphasizing some factors over others. The court indicated its duty was to impose a sentence that was sufficient, but not greater than necessary, to achieve the purposes of § 3553(a). To that end, the court observed that, at least based on the sentences he received, Mr. Cruz-Artiaga's prior non-immigration offenses were relatively modest and did not appear to include violent crimes or serious drug offenses. The court also noted there was no evidence that he was engaged in street-level drug activity since his second illegal-reentry conviction. Nonetheless, the court observed that this was the fourth time he appeared in federal court convicted of illegally reentering the United States and each time he sustained a greater sentence, none of which successfully deterred him from repeating the offense.

Before the court announced the sentence, Mr. Cruz-Artiaga addressed the court, stating that he preferred to be in prison in the United States rather than return to Honduras. The court then indicated that it had considered the presentence investigation report, the parties' material related to that report, the parties' arguments, Mr. Cruz-Artiaga's statement, and the § 3553(a) factors. In weighing those factors, the court noted that Mr. Cruz-Artiaga expressly admitted he would rather be in prison than return to Honduras. The court explained, however, that the "immigration laws . . . are laws of the United States, [and] they merit being enforced." *Id.* at 62. The court further explained that Mr. Cruz-Artiaga's presence

4

here was unlawful, notwithstanding whether or not he did anything else illegal while he was here. To the extent he was deserving of some leniency for not committing other crimes, the court indicated it would "dial back the government's request . . . for an upward variance" and sentence him to 45 months in prison. *Id.* at 63. Yet the court made clear it was intentionally varying upwards because Mr. Cruz-Artiaga's prior sentence of 37 months was insufficient, as would be a top-of-the-guidelines sentence of 41 months.

We perceive no abuse of discretion. The district court began by recognizing the applicable sentencing guideline range of 33 to 41 months. *See* 18 U.S.C. § 3553(a)(4) (directing court to consider the sentencing guidelines). In announcing its sentence, the court repeatedly stated that it considered the § 3553(a) factors in fashioning an appropriate sentence. The court discussed Mr. Cruz-Artiaga's criminal history and what it considered the relatively modest nature of his non-immigration offenses. *See id.* § 3553(a)(1) (directing court to consider the circumstances of the offense and the history and characteristics of the offender). The court also cited his history and characteristics on its written statement of reasons for granting the variance, noting that Mr. Cruz-Artiaga had a "[h]istory of incarceration and . . . continuing to return to the US regardless of the sentence imposed." R., Vol. 2 at 78. Although the court tempered its sentence because he attempted to stay away from drugs and was helping another person, the court balanced those mitigating factors against the need to impose a sentence that reflected the seriousness of the offense and promoted respect for the law, *see* 18 U.S.C. § 3553(a)(2)(A). Because this was

Mr. Cruz-Artiaga's fourth illegal-reentry conviction, the court sought to impose a sentence that deterred him from committing another illegal reentry. *See* 18 U.S.C. § 3553(a)(2)(B). The district court's sentence was substantively reasonable in light of the § 3553(a) factors.

Mr. Cruz-Artiaga insists, however, that the district court over-emphasized the need for deterrence to the exclusion of the other relevant § 3553(a) factors. He points out that the court stated that "[t]he one factor that seems to be deserving of more emphasis . . . is the deterrence of the defendant." *Id.*, Vol. 3 at 62. But the court was required to provide a "'specific reason'" for varying upwards from the guidelines, *Huckins*, 529 F.3d at 1317 (quoting 18 U.S.C. § 3553(c)(2)), and we have recognized that "[t]he district court must consider . . . the need to deter the defendant and others," *United States v. Walker*, 844 F.3d 1253, 1257 (10th Cir. 2017). Given Mr. Cruz-Artiaga's history of recidivism, the district court properly put weight on the need to deter him from committing another unlawful reentry. To the extent Mr. Cruz-Artiaga suggests that in doing so the court excluded from its consideration other § 3553(a) factors, the foregoing discussion demonstrates it did not.

Finally, Mr. Cruz-Artiaga contends his sentence was unreasonable because it is fifty percent longer than it would have been if the court had granted his request for a downward variance. But the court denied his request, and in any event, "sentencing review may not be based on a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence," *United States v. Smart*, 518 F.3d 800, 807 (10th Cir. 2008).

6

Here, the district court varied only four months above the applicable guideline range after considering the relevant § 3553(a) factors and recognizing the need for deterrence. The court noted that Mr. Cruz-Artiaga's previous sentences, including his most recent sentence of 37 months in prison, were insufficient to deter his recidivism and achieve the sentencing goals of § 3553(a). The court therefore varied upwards slightly from the top guideline sentence of 41 months to 45 months. This was less than the 48 months requested by the government in light of the mitigating factors identified by Mr. Cruz-Artiaga. The court sufficiently justified the variance, and there was nothing arbitrary, capricious, whimsical, or manifestly unreasonable about the sentence. Even if we disagreed with the manner in which the district court weighed the deterrence factor (which we do not), that would provide no basis for reversing the district court's sentence. *See Gall*, 552 U.S. at 51.

III

The judgment of the district court is affirmed.

Entered for the Court

Allison H. Eid
Circuit Judge

7