**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS LUIS RAMIREZ-PLATA, a/k/a
Carlos Alberto Ramirez-Plata, a/k/a Carlos
Alberto Ramirez,

    Defendant - Appellant.

No. 18-1211
(D.C. No. 1:17-CR-00443-MSK-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Carlos Ramirez-Plata appeals the district court's imposition of a 26-month

sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Law enforcement in Summit County, Colorado, stopped Ramirez-Plata in June

2017 after he crossed a double-yellow line into oncoming traffic. Ramirez-Plata pled

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

guilty to driving while impaired and without a license. He was referred to federal immigration authorities and charged with illegal reentry after deportation subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). He pled guilty.

Ramirez-Plata has illegally entered the United States on several occasions and has multiple criminal convictions unrelated to illegal reentry. At his sentencing hearing, he did not contest his total offense level of 13 or criminal history category of IV, nor did he challenge his calculated Sentencing Guidelines range of 24 to 30 months. Ramirez-Plata requested a downward variance to 14 months, arguing a lower sentence better reflected the nature and circumstances of his offense because he claimed he had returned to the United States to earn money to pay for his mother's cancer treatment. The government requested a 30-month sentence. The district court imposed a sentence of 26 months. Ramirez-Plata timely appealed.

## II

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Smart, 518 F.3d 800, 805-06 (10th Cir. 2008). We reverse only if a sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009). If the sentence imposed falls within a correctly calculated Guidelines range, it is presumed reasonable. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." Id. at 1055.

2

Ramirez-Plata has not overcome this presumption of reasonableness. The district court did consider mitigating factors related to defendant's family and financial circumstances, including his wife and children in Mexico and his attempts to help his ailing mother. The district court was skeptical that economic motivations constitute mitigating circumstances to illegal reentry. It also noted that the alleged mitigating circumstances provided defendant with an incentive to illegally reenter the United States in the future. The district court's decision not to grant a downward variance on this basis was not an abuse of discretion.

Further, the district court did not place unreasonable weight on deterrence or public protection. Ramirez-Plata illegally entered the country on several other occasions and has multiple unrelated felony convictions. The district court intended its within-Guidelines sentence to "change th[e] calculus" and deter him from future misconduct. Placing more weight on deterrence and public protection than on defendant's family circumstances was not "arbitrary, capricious, whimsical, or manifestly unreasonable." Friedman, 554 F.3d at 1307.

The cases cited by defendant are inapposite. Unlike in United States v. Walker, 844 F.3d 1253 (10th Cir. 2017), the district court in this case evaluated all the statutory factors set out in § 3553(a). It was aware that defendant's family circumstances are relevant to § 3553(a)'s "history and characteristics" factor. But the district court in this case, unlike in United States v. Muñoz-Nava, 524 F.3d 1137 (10th Cir. 2008), determined defendant's family circumstances made him more likely

3

to reoffend in the future, and thus those circumstances did not warrant a lesser sentence.

## III

For the foregoing reasons, the district court's sentence of 26 months is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge