FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAMON DIABLO JONES,

    Defendant - Appellant.

No. 20-6017
(D.C. No. 5:19-CR-00041-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **EID**, Circuit Judges.
_____

Damon Diablo Jones, a federal inmate, was convicted of indecent exposure and

sentenced to fifteen months' imprisonment to run consecutively to the term he was

already serving.  Jones appeals his sentence as substantively and procedurally

unreasonable.  We find the district court's sentence to be substantively reasonable under

18 U.S.C. § 3553(a).  We also find that Jones fails to show plain error on his procedural-

unreasonableness claim.  Thus, we affirm.

**I.**

At the time of the offense underlying this appeal, Jones was serving a 387-month

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence at the Federal Transfer Center in Oklahoma City for armed robberies and related firearm offenses. He had a history of sexual misconduct. Of the seventy-three occasions where the Bureau of Prisons disciplined him, twenty-eight were for engaging in sexual acts, four were for making sexual proposals or threats, and three were for indecent exposure.

On the morning of November 30, 2018, a nurse practitioner was discussing medication with another inmate when she observed Jones's "right hand was holding the front of his shirt up nearly to his neck, and [he] had his penis exposed masturbating with his left hand." R. Vol. II at 9. A correctional officer witnessed it too. The officer escorted Jones into the hallway and asked Jones what he was doing. Jones responded: "Man, I wasn't jacking on that lady, I just showed her my chest, alright?" *Id.* The officer told the defendant he could still see his erect penis through his pants and escorted him to the Special Housing Unit.

Jones was indicted and pled guilty to performing an act of indecent exposure under 18 U.S.C. § 13(a), assimilating the Oklahoma offense of indecent exposure, Okl. Stat. tit. 21 § 1021(A). *See United States v. Harris*, 10 F.4th 1005, 1010 (10th Cir. 2021) (stating § 13 provides for application of certain state criminal laws on federal enclaves). At sentencing, Jones sought a concurrent sentence that would not increase his remaining time in prison. The government asked the court to impose "a meaningful sentence" that would run "consecutive to the underlying conviction." R. Vol. III at 33.

2

Under Oklahoma law, indecent exposure carries a mandatory thirty-day minimum and a ten-year maximum. Okl. Stat. tit. 21 § 1021(A). Because this is an assimilative offense with no sufficiently analogous federal guideline, Jones's sentence must be determined based on the factors set forth in 18 U.S.C. § 3553(a). *See* U.S.S.G. § 2X5.1. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
> (5) any pertinent policy statement issued by the Sentencing Commission . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." *Id.* § 3584(a). Under this determination, the court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." *Id.* § 3584(b). However, the Guidelines recommend imposing a consecutive sentence. U.S.S.G. § 5G1.3(a).

In its determination of Jones's sentence, the district court considered the § 3553(a) factors, the arguments from counsel, and the presentence report ("PSR"). Ultimately, the

court sentenced Jones to fifteen months' imprisonment, running consecutively to his undischarged term.  The court also recommended that Jones participate in a sex offender treatment program while incarcerated.  The court explained:

> I'm sympathetic with your childhood and background, but I can't overlook what you did.  You're not here today not knowing right from wrong.  You know right from wrong, and I'm satisfied when you did what you did that you knew what you were doing was wrong.  And I have got to consider the victim, I have got to consider punishment for you for what you did, and I also got to consider what other people might perceive when they see a sentence imposed for doing what you did.
>
> So all of those factors go into it.  And I -- as I said, I carefully considered all the sentencing factors in 18 U.S. Code 3553, but there does have to be a consequence, and to me a concurrent sentence would not -- would not be of consequence.  And if I were the victim and I saw that kind of a sentence, I would be very offended by it.

R. Vol. III at 35–36.  Jones filed a timely notice of appeal.

## II.

Jones contends that sentence is substantively unreasonable.  "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (internal quotation marks omitted).  The district court need not afford equal weight to each § 3553(a) factor, and this court defers to both the district court's factual findings and the weight it gives those findings.  *United States v. Cookson*, 922 F.3d 1079, 1094 (10th Cir. 2019).  We review challenges to the substantive reasonableness of a sentence for an abuse of discretion.  *See United States v. Smart*, 518 F.3d 800, 805 (10th Cir. 2008).  And we will reverse a sentence determination only if the district court "exceeded the

4

bounds of permissible choice." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotation marks omitted).

Before sentencing Jones, the district court reviewed the PSR, which contained information relevant to the § 3553(a) factors. The PSR included the nurse's report that she was having residual effects from the incident, "much like Post-Traumatic Stress Disorder in that she has had difficulty suppressing the mental image of what occurred." R. Vol. II at 10. The PSR also noted that Jones had prior convictions resulting in a category III criminal history. Benefitting Jones, the PSR explained that Jones timely entered a guilty plea and accepted responsibility. It also contained information about Jones's personal and family history, including reports of his growing up with a single, alcoholic mother and prolonged sexual abuse by a female relative. Finally, the PSR identified two other cases in which offenders were sentenced recently for similar conduct: one received twelve months and a day in prison, and the other received twenty-four months in prison.

Jones argues that the district court "erroneously placed improper emphasis on its consideration of the victim and the public's perception of the sentence imposed" to the exclusion of "other factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, promoting respect for the law and providing just punishment." Aplt. Br. at 21. While it is true that the district court mentioned it was "consider[ing] the victim" and "what other people might perceive when they see a sentence imposed for doing what [Jones] did," R. Vol. III at 36, these were appropriate factors for the district court to

consider. The impact of an offense on the victim goes directly to the seriousness of the offense. *See United States v. Sample*, 901 F.3d 1196, 1200 (10th Cir. 2018) (considering the harm inflicted upon a victim as part of the crime's "seriousness"). Similarly, general deterrence—which focuses on the sentence's impact on public perception—is a "key purpose[] of sentencing." *United States v. Walker*, 844 F.3d 1253, 1257 (10th Cir. 2017) (internal quotation marks omitted). These were not the only factors the district court considered. In its determination, weighing the totality of the circumstances, the court expressly considered Jones's history, the need for the punishment to reflect what Jones did, and the value of providing Jones consequences for his actions. It even expressed its "sympath[y] with [Jones's] childhood and background." R. Vol. III at 35. The court did not improperly focus on only two factors.

Jones also claims that the district court excluded from consideration the need to provide "educational or vocational training, medical care, or other correctional treatment in the most effective manner and avoiding unwarranted sentencing disparities." Aplt. Br. at 21. But nothing in the record suggests that the court disregarded this factor in its sentencing determination. In fact, the district court specifically included participation in a sex offender treatment program, which implies that it did consider this as a factor in its determination.

Overall, the district court imposed a sentence at the low end of the applicable sentencing range. *See* 18 U.S.C. § 13(a); Okla. Stat. tit. 21, § 1021(A) (placing the sentencing range between 30 days and 10 years). It also imposed a sentence in line

6

with the only comparable cases that the parties presented to the court—one defendant was sentenced to twelve months and a day for similar but lesser conduct, and the other was sentenced to twenty-four months for more aggravated conduct. Both defendants, like Jones, had no prior history of sexual offenses out of custody but had multiple disciplinary infractions for similar sexual misconduct while in custody. Thus, the court's sentence was well within the "bounds of permissible choice." *McComb*, 519 F.3d at 1053 (internal quotation marks omitted). We decline to reverse Jones's sentence on the grounds of substantive unreasonableness.

## III.

Jones also asserts that the district court inadequately explained his sentence. District courts have a statutory duty to explain the reasons for the sentences they impose. 18 U.S.C. § 3553(c). A sentencing court commits procedural error by "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). The Supreme Court has explained that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). That means "a district court must describe the salient facts of the individual case, including particular features of the defendant or of his crime, and must explain for the record how these facts relate to the § 3553(a) factors." *United States v. Mendoza*, 543 F.3d 1186, 1192 (10th Cir. 2008). It cannot merely recite the § 3553(a) factors. *Id.*

7

Since Jones did not contemporaneously object at trial to the district court's failure to explain the reasoning for his sentence, we review for plain error. *United States v. Clark*, 981 F.3d 1154, 1161 (10th Cir. 2020). "To show plain error, a party must establish the presence of (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011). Even if the district court's explanation of Jones's sentence was deficient, Jones's argument would fail at the third prong of plain-error review. To show his substantial rights were affected, a defendant must demonstrate that "the result of the proceeding would have been different" without the procedural error. *United States v. Hasan*, 526 F.3d 653, 665 (10th Cir. 2008) (internal quotation marks omitted). Jones fails to advance any argument on this prong, "and we will not supply such an argument for him." *United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir. 2007) (holding a defendant's procedural unreasonableness claim could not survive plain-error review because he failed to explain how his sentence affected his substantial rights). We therefore decline to reverse Jones's sentence on the ground of procedural unreasonableness.

**IV.**

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.


Entered for the Court


Allison H. Eid
Circuit Judge