FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN BRUCE McGUIRE,

Defendant - Appellant.

No. 23-6145
(D.C. No. 5:22-CR-00482-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.

_____

This appeal involves a challenge to a criminal sentence for Mr. Kevin

McGuire after he killed a man by driving drunk. Mr. McGuire pleaded

guilty to second-degree murder in Indian Country. 18 U.S.C. §§ 1111(a),

1153(a). In return, the government agreed not to recommend a sentence

---

[*]     We are deciding this appeal based on the briefs and the record
because oral argument wouldn't provide material help. *See* Fed. R. App. P.
34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

over 294 months. At sentencing, however, the district court imposed life imprisonment. Mr. McGuire appeals, arguing that

- the sentence was substantively unreasonable and

- the government breached its agreement.

We reject both arguments and affirm.

**1.    The sentence was substantively reasonable.**

The first issue is whether the sentence was substantively reasonable. On this issue, we review the district court's ruling under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

The district court exercised its discretion largely out of concern over Mr. McGuire's seven prior convictions for crimes involving intoxication while he was driving. Six of the convictions involved driving under the influence of alcohol; one involved actual physical control of a vehicle while under the influence of alcohol. Given these convictions, the district court considered incapacitation necessary for public safety.

Mr. McGuire argues that the district court double-counted his criminal history and imposed a term greater than necessary to achieve the statutory purposes. We reject both arguments.

First, Mr. McGuire argues that the district court shouldn't have relied on the prior convictions because they had already gone into his score for criminal history. Mr. McGuire is mistaken. He received no criminal-history points for six of the seven prior convictions.

2

Second, he argues that life imprisonment was unnecessary to achieve the statutory purposes. The district court acknowledged that a life sentence was probably unnecessary to provide adequate deterrence. But the court concluded that a life sentence was necessary to achieve another statutory purpose: protection of the public through incapacitation. 18 U.S.C. § 3553(a)(2)(C); *see United States v. Walker*, 844 F.3d 1253, 1258 (10th Cir. 2017) (stating that "the court had a statutory obligation to consider the value of incapacitation").

We might agree or disagree with the weight that the district court gave to incapacitation. But we generally defer to the weight that the district court gives to one of the statutory sentencing factors. *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). Such deference is appropriate here.

Mr. McGuire argues that if he were to spend fifteen years in prison, he would remain sober. But the district court could reasonably question Mr. McGuire's ability to stay sober. The presentence report says that Mr. McGuire drank daily from the age of 15 to age 60. And his wife reported that whenever Mr. McGuire finished inpatient treatment, he would immediately resume drinking. Given this history, the district court could reasonably consider a life sentence necessary to protect the public. *See United States v. Walker*, 844 F.3d 1253, 1259 (10th Cir. 2017) (concluding that a sentence was too low in part because the district court had focused

3

on the defendant's "newfound sobriety" and failed to even mention incapacitation).

### 2.    Mr. McGuire waived his appellate argument involving breach of an agreement.

The government agreed not to recommend a sentence exceeding 294 months. In a presentence memorandum, the government twice asked the district court to impose a sentence of 294 months. And at the sentencing itself, the government again requested a sentence of 294 months. The government ended its request by adding that the court should "fashion[] a sentence to ensure that another mother and father don't have to suffer like the [victim's family] have suffered, to ensure that another life isn't lost like [the victim's] was lost just because Mr. McGuire once again drove drunk." Appellee's Supp. App'x vol. 1, at 30–31. Mr. McGuire argues that this statement breached the government's agreement by implicitly suggesting a sentence exceeding 294 months.

But Mr. McGuire forfeited this argument by failing to make it in district court. *See United States v. Faunce*, 66 F.4th 1244, 1247 (10th Cir. 2023). We can ordinarily consider forfeited arguments under the plain-error standard. *See id.* But Mr. McGuire hasn't requested review for plain error. So we decline to consider the possibility of plain error. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge