FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 20, 2024**

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TUCKER DONALD WIRFEL,

    Defendant - Appellant.

No. 23-8084
(D.C. No. 1:23-CR-00029-SWS-2)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

Mr. Tucker Wirfel was convicted of possessing fentanyl with the intent to distribute. For this conviction, the court imposed a prison term of 92 months. Mr. Wirfel challenges that sentence as substantively unreasonable. We reject this challenge.

---

[*] The parties do not request oral argument, and it would not materially help us to decide this appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

To assess Mr. Wirfel's argument, we consider whether the district court abused its discretion. *United States v. Walker*, 844 F.3d 1253, 1255 (10th Cir. 2017). The court abuses its discretion by imposing a sentence that is arbitrary, capricious, whimsical, or manifestly unreasonable. *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009).

We ordinarily presume that a sentence is reasonable when it falls within the guideline range. *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165 (10th Cir. 2010). And here the sentence not only fell within the guideline range, but matched the bottom of that range.

The government had agreed to a lighter sentence when Mr. Wirfel pleaded guilty based largely on an acceptance of responsibility for the crime. At that time, the guideline range had been 70 to 87 months and the government had agreed to vary downward by 13 months. With that downward variance, the prison sentence would have been 57 months.

But that agreement required approval from the court, and the court waited for a presentence report before deciding the suitability of a downward variance of 13 months. So the court directed the probation office to prepare a report and released Mr. Wirfel until the sentencing. While Mr. Wirfel was on release, he had two obligations: (1) to obey the law and (2) to abstain from using controlled substances.

He violated both obligations. While on release, Mr. Wirfel solicited a purchase of fentanyl and commented that he had six buyers lined up.

2

Mr. Wirfel's continuing effort to sell fentanyl led the district court to order a new presentence report, and the new report removed the prior credit for acceptance of responsibility. Without that credit, the guideline range increased to 92–115 months. With the longer guideline range and Mr. Wirfel's continued effort to sell fentanyl, the court imposed a sentence of 92 months.

The 92-month sentence was presumptively reasonable because it fell within the guideline range. *United States v. Ware*, 93 F.4th 1175, 1180 (10th Cir. 2024). But Mr. Wirfel could rebut that presumption based on the other statutory sentencing factors. 18 U.S.C. § 3553(a); *see Ware*, 93 F.4th at 1180.

To rebut the presumption of reasonableness, Mr. Wirfel focuses on two of the statutory sentencing factors: (1) his own characteristics and (2) the need to promote rehabilitation. 18 U.S.C. § 3553(a)(1), (a)(2)(D). Through this focus, Mr. Wirfel argues that the sentence undermined the potential for rehabilitation in light of his addiction, struggles with mental health, and willingness to take responsibility for his conduct.

The district court might have relied on these arguments to sentence Mr. Wirfel to a lighter prison term. But the court didn't abuse its discretion in rejecting these arguments and focusing on incapacitation rather than rehabilitation. After all, Mr. Wirfel had obtained inpatient treatment three times before trying again to sell fentanyl.

3

The court faced a difficult task: determining the appropriate sentence for a defendant powerless to conquer his addiction to fentanyl. In making that determination, district judges could reasonably differ in how they balanced the sentencing factors. In this case, the court weighed the factors and imposed a sentence at the bottom of the guideline range. That sentence is presumptively reasonable, and Mr. Wirfel has not rebutted that presumption or shown an abuse of discretion. So we affirm the 92-month sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge