**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ORYAN YAZZIE,

    Defendant - Appellant.

No. 18-2039
(D.C. No. 1:04-CR-01688-MCA-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

After Oryan Yazzie violated a condition of his supervised release, the district

court imposed a 24-month prison sentence. Yazzie appeals, arguing his sentence is

substantively unreasonable.[1] For the reasons discussed below, we disagree.

Accordingly, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Yazzie also initially challenged the district court's decision requiring Yazzie, "as a condition of his supervised release, to take all mental health medication prescribed by his treating physician and pay all or parts of the costs." Aplt. Br. 11. But after Yazzie filed his opening brief, the government (1) informed us that the parties had reached an agreement regarding proposed modifications to this condition

## Background

After Yazzie pleaded guilty to kidnapping, the district court imposed a 12-year prison sentence and a five-year term of supervised release. As a condition of his supervised release, the district court ordered Yazzie to complete a program at a residential reentry center.

Yazzie began serving his supervised release on August 14, 2015. Over the next 23 months, Yazzie twice appeared before the district court to answer for violating the conditions of that release. On both occasions, the district court determined that Yazzie failed to complete the required residential reentry program. And on both occasions, the district court imposed a prison sentence, to be followed by supervised release.

Yazzie began serving his third term of supervised release on September 22, 2017. Less than three months later, Yazzie appeared before the district court for a third revocation hearing. The district court again concluded that Yazzie violated the terms of his supervised release by failing to complete the requisite reentry program. And it again sentenced Yazzie to prison. In doing so, the district court determined that—based on Yazzie's criminal history category and the grade of his violation—the United States Sentencing Guidelines (the Guidelines), called for a sentence of 5 to 11

and (2) requested that we direct a limited remand to allow the district court to consider the proposed modifications. We granted the government's request, and the district court subsequently modified the mental-health condition. Because the parties agree Yazzie's challenge to that condition is now moot, we confine our discussion on appeal to Yazzie's substantive-reasonableness argument.

months' imprisonment. *See* U.S.S.G. § 7B1.4. But in light of several factors, including Yazzie's prior revocations, the nature of his underlying offense, his "demanding and hostile attitude towards people in his community," and the district court's need to "protect[] the community," the district court instead sentenced him to 24 months in prison. R. vol. 3, 62. Yazzie appeals.

## Analysis

On appeal, Yazzie argues that his 24-month prison sentence is substantively unreasonable. *See United States v. Walker*, 844 F.3d 1253, 1255 (10th Cir. 2017) ("Though district courts have broad discretion at sentencing, the sentence must be substantively reasonable."). Specifically, he asserts that this sentence (which he points out is "more than double the top of the [applicable Guidelines] range") is substantially longer than necessary to accomplish the goals of 18 U.S.C. § 3553(a). Aplt. Br. 27. And he contends that in imposing this "very lengthy sentence," the district court failed to "tak[e] into account the extent to which [] Yazzie's mental health condition contributed to his violation of supervised release conditions and diminished his culpability."[2] *Id.*

As an initial matter, we note that to the extent Yazzie argues the district court erred by failing to consider his mental health, he challenges the procedural

---

[2] In his reply brief, Yazzie also argues that his sentence is substantively unreasonable because it "will likely" hinder his progress in "achiev[ing] a state of good mental health." Rep. Br. 3. But because Yazzie raises this argument for the first time in his reply brief, we treat it as waived and decline to consider it. *See United States v. Beckstead*, 500 F.3d 1154, 1163 (10th Cir. 2007).

reasonableness of his sentence, not its substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (distinguishing between procedural error and substantive error at sentencing). Moreover, Yazzie didn't raise this specific procedural-reasonableness argument below. Nor does he argue for plain-error review on appeal. Accordingly, we treat this procedural argument as waived and decline to consider it. *See United States v. DeRusse*, 859 F.3d 1232, 1236 n.1 (10th Cir. 2017) (finding procedural arguments waived based on appellant's "failure either to raise these specific objections below or to make an argument for plain[-]error review on appeal").

But to the extent Yazzie instead asserts that the length of his sentence is unreasonable in light of the relevant § 3553(a) factors—including his mental health— he challenges the substantive reasonableness of the sentence. *See United States v. Lente*, 647 F.3d 1021, 1031–32 (10th Cir. 2011) ("[Appellant's] true challenge appears to be to the district court's balancing of her background characteristics and her criminal history and the weight the court gave to those factors. This is a substantive, not procedural, challenge."). And unlike a challenge to the procedural reasonableness of his sentence, Yazzie wasn't required to object below to preserve this issue for appeal. *See United States v. Torres–Duenas,* 461 F.3d 1178, 1183 (10th Cir. 2006).

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013). A district court abuses its discretion only if it imposes a sentence that "is arbitrary, capricious,

4

whimsical, or manifestly unreasonable." *United States v. Durham*, 902 F.3d 1180, 1236 (10th Cir. 2018) (quoting *United States v. Munoz–Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008)). Critically, because "there will be a range of possible outcomes the facts and law at issue can fairly support," we will defer to the district court's judgment "so long as it falls within the realm of . . . rationally available choices." *Id.* (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)).

In reviewing Yazzie's substantive-reasonableness argument, we ask "whether the length of [his] sentence is reasonable given all the circumstances of the case in light of" the relevant § 3553(a) factors. *United States v. Singer*, 825 F.3d 1151, 1158 (10th Cir. 2016) (quoting *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015)); *see also* § 3583(e) (identifying § 3553 factors that court must consider when revoking term of supervised release and imposing prison sentence). These factors include, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to adequately deter criminal conduct, the need to protect the public from further crimes by the defendant, and the need to provide the defendant with necessary medical care. *See* § 3583(e); § 3553(a)(1), (a)(2)(B)–(D).

Although sentences falling within the applicable Guidelines range are presumptively reasonable, *see United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011), this presumption doesn't apply here because Yazzie's 24-month sentence exceeded the applicable Guidelines range of 5 to 11 months. But the fact that Yazzie's sentence fell outside the Guidelines range doesn't necessarily render that

sentence substantively unreasonable. *See Gall*, 552 U.S. at 51. Instead, it simply means we must "consider the extent of the deviation" and determine whether the district court's proffered justifications for that deviation are "sufficiently compelling to support the degree of the variance." *Id.* at 50.

We conclude that they are. Among the factors it considered in imposing a 24-month prison sentence, the district court cited (1) Yazzie's prior violations; (2) the nature of his underlying offense; (3) his "demanding and hostile attitude towards people in his community"; and (4) the district court's need to "protect[] the community." R. vol. 3, 62. These factors are "sufficiently compelling to support" the sentence imposed. *Gall*, 552 U.S. at 50. In particular, Yazzie's repeated violations of the conditions of his supervised release are a "breach of trust." *United States v. Steele*, 603 F.3d 803, 805, 809 (10th Cir. 2010) (finding no abuse of discretion where district court imposed 18-month prison sentence, despite applicable Guidelines range of 4 to 10 months; noting that this was defendant's "second breach of trust in a fairly short time" and that such "recidivism is generally a reason for increased sentencing severity"). Further, the record belies Yazzie's argument that the court failed to consider his mental health, and we see no indication that it gave insufficient weight to that factor.

Under these circumstances, Yazzie's sentence isn't "arbitrary, capricious,

6

whimsical, or manifestly unreasonable." *Durham*, 902 F.3d at 1236. Accordingly, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge