FILED
United States Court of Appeals
Tenth Circuit

December 26, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRINIDAD NANEZ-RIVERA,

Defendant - Appellant.

No. 17-1419
(D.C. No. 1:16-CR-00368-WJM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

Trinidad Nanez-Rivera pleaded guilty to both assault using a dangerous weapon with intent to cause bodily injury and possession of a weapon in prison. He was sentenced to 68 months in prison, which was within the applicable guidelines range of 57–71 months. Nanez-Rivera appeals his sentence, arguing that it is substantively unreasonable because the district court inadequately weighed the sentencing factors under 18 U.S.C. § 3553(a). He argues that the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Cir. Rule 32.1.

district court disregarded certain facts that weigh in favor of a downward variance.

We conclude the district court properly applied the sentencing factors and did not substantively err in imposing the sentence. Accordingly, we affirm.

## I. Background

Nanez-Rivera is a federal inmate at the United States Penitentiary in Florence, Colorado. While in prison, he stabbed another inmate in the torso with a homemade eight-inch shank. As the victim attempted to flee, Nanez-Rivera and his co-defendant chased him. The guards ordered all three individuals to drop to the floor, but Nanez-Rivera pursued the victim, overtaking and striking him repeatedly. The victim was treated for superficial wounds and has since recovered.

Nanez-Rivera was charged and pleaded guilty to assault with a dangerous weapon and possession of a weapon in prison. With his extensive criminal history, Nanez-Rivera's advisory guideline sentencing range was 57–71 months. He moved for a six-month downward variance, asking the court to impose a sentence of 51 months. He pointed to numerous facts in the record—notably, that the victim had insulted Nanez-Rivera in the cafeteria the day before the stabbing, that the victim's stab wounds were relatively minor, and that the Bureau of Prisons (BOP) had placed members of different gangs in the same prison yard.

The district court rejected the argument that these were mitigating factors and sentenced Nanez-Rivera to 68 months—three months below the top of the applicable sentencing range.

## II.  Analysis

Nanez-Rivera challenges the district court's application of the § 3553(a) factors, focusing on the arguments he made below.  He asserts that the district court did not properly consider the circumstances giving rise to the assault or the minor nature of the wounds that resulted.

We review the substantive reasonableness of a sentence for abuse of discretion and consider whether the district court's judgment was "arbitrary, capricious, whimsical or manifestly unreasonable."  *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012).  Our review for substantive reasonableness "is informed by the district court's consideration of [the § 3553(a)] factors and explanation for the sentence."  *United States v. Walker*, 844 F.3d 1253, 1256 (10th Cir. 2017).  "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  This is because "[t]he judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record."  *United States v. Barnes*, 890 F.3d 910, 915–16 (10th Cir. 2018).

A sentence within the applicable guidelines range is presumed to be reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). This presumption, along with the abuse-of-discretion standard of review, creates a "hefty burden" for a criminal defendant to overcome. *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008). Thus, we review the record "to determine whether the district court satisfactorily engaged and examined the factors in a holistic fashion." *Barnes*, 890 F.3d at 916.

Nanez-Rivera contends the district court erred in the weight he gave to two defendant-specific characteristics—his non-violent criminal history and his status as an immigrant. He also argues the district court failed to give weight to the circumstances giving rise to the assault—the previous confrontation between Martinez and Nanez-Rivera and the ongoing gang-related activity in prison. He further argues the district court did not properly consider the nature of Martinez's minor wounds.

Nanez-Rivera points to *Walker*, where the district court failed to consider general deterrence or the applicable guidelines range when it ordered a sentence of time served—33 days in pretrial detention—for an individual who had committed multiple bank robberies. 844 F.3d at 1257–58. But this case is distinguishable from *Walker*. Here, the sentence falls within the applicable guidelines range, and is presumptively reasonable.

In any event, the record in this case is clear. The district court considered each of the relevant § 3553(a) factors at sentencing. For example, the district court considered Nanez-Rivera's history and characteristics and the nature and circumstances of his offenses. Whereas Nanez-Rivera argued the attack was a necessary response to the disrespect he had been shown in the cafeteria, the district court disagreed. The court highlighted Nanez-Rivera's membership in the Texas Syndicate gang and the premeditated nature of the attack, finding it "vicious" and "cowardly." R., Vol. 3 at 58. The district court also noted the seriousness of the offense and the need to deter inmates from such future attacks. When fashioning Nanez-Rivera's sentence, the district court considered the applicable guidelines range, rejecting Nanez-Rivera's argument in support of a downward variance. The court concluded the discussion of the § 3553(a) factors, saying the sentence imposed "reflects the seriousness of the offense, affords adequate deterrence to future criminal conduct, and will protect the public from further crimes of this defendant." R., Vol. 3 at 61. In the face of those facts, Nanez-Rivera simply disputes how the district court weighed these factors.

As to the ultimate sentence, the district court found the facts surrounding the attack warranted an upper-guidelines sentence. The court was unpersuaded by Nanez-Rivera's arguments that the victim was somehow asking to be assaulted, or that the BOP is partially at fault for placing gang members together. Where Nanez-Rivera saw mitigating circumstances, the district judge saw aggravating

factors.  Nanez-Rivera fails to cite any instance where an appellate court has considered either the possibly provoking conduct by the victim or the BOP's placement of gang members as mitigating circumstances.  If anything, these circumstances weigh against Nanez-Rivera.

In sum, we are only tasked with determining whether the district court abused its discretion and ordered a substantively unreasonable sentence.  We hold the district court did not.

## III.  Conclusion

The facts of the case support the within-guidelines sentence ordered by the district court.  Accordingly, we AFFIRM.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge