**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OSCAR CARRASCO-RICO,

    Defendant - Appellant.

No. 20-1053
(D.C. No. 1:19-CR-00329-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Oscar Carrasco-Rico pled guilty to illegal reentry after removal following a felony

conviction in violation of 8 U.S.C. §§ 1326(a), (b)(1).  The district court calculated a

United States Sentencing Guidelines ("Guidelines") advisory range of 37 to 46 months in

prison and sentenced Mr. Carrasco-Rico to 46 months.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Carrasco-Rico argues on appeal that this sentence was substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we disagree with his argument and affirm his sentence.

## I. BACKGROUND

### A. *Factual Background*

#### 1. Previous Offenses and Deportations

Mr. Carrasco-Rico's criminal history includes felony convictions in 1994, 1998, 2003, and 2007.

In May 1994, Mr. Carrasco-Rico was convicted of felony possession of a controlled substance with intent to distribute. The court suspended his sentence on the condition that he return to Mexico and not reenter the United States. But by July 1995, Mr. Carrasco-Rico had returned to the United States. In 1997, he was deported for the first time. He soon returned to the United States.

In July 1998, Mr. Carrasco-Rico pled guilty to felony use of a controlled substance. He was deported, but returned again.

In June 2003, Mr. Carrasco-Rico pled guilty to illegal reentry after removal following a felony conviction. He was sentenced to 37 months in prison, to be followed by three years of supervised release subject to a special condition that prohibited him from illegally reentering. Upon his release from prison, Mr. Carrasco-Rico was deported, but returned again.

2

In November 2007, during the three-year period of supervised release for his 2003 conviction, Mr. Carrasco-Rico pled guilty to felony possession of a controlled substance. After completing a prison term, he was deported in July 2009, but returned yet again. He started working for a Colorado roofing company in September 2014.

### 2. Mr. Carrasco-Rico's 2019 Arrest and Conviction

In 2019, police officers in Rifle, Colorado were monitoring a residence known for narcotics distribution. An officer approached Mr. Carrasco-Rico, who refused to remove his hands from his pockets and fled. Officers arrested him after a pursuit and physical struggle in which he knocked an officer to the ground. He was charged with and convicted of resisting arrest. This conviction alerted federal law enforcement officials that he had returned to the United States.

### B. *Procedural Background*

Mr. Carrasco-Rico was indicted for illegal reentry after removal following a felony conviction in violation of 8 U.S.C. §§ 1326(a), (b)(1). He pled guilty.

The Presentence Investigation Report ("PSR") calculated an offense level of 17 and a criminal history category of IV, yielding an advisory Guidelines range of 37 to 46 months. Neither the Government nor Mr. Carrasco-Rico objected to the PSR.

Mr. Carrasco-Rico moved for a below-Guidelines sentence of 30 months. He argued that after his most recent return to the United States, he had "worked hard at a legitimate job and paid his taxes," and had supported and cared for his family. ROA,

3

Vol. I at 27-28. He said that he planned to live in Mexico after being released from federal custody, and that he did not plan to reenter the United States.

At the sentencing hearing, Mr. Carrasco-Rico presented letters from his parents about his character and his relationship with his family, expressed remorse, and provided additional background about his efforts to overcome substance abuse problems. The Government requested a sentence of 37 months.

The district court sentenced Mr. Carrasco-Rico to 46 months, the top of the Guidelines range. The court emphasized Mr. Carrasco-Rico's criminal history. It also noted that Mr. Carrasco-Rico's 2007 conviction occurred while he was on supervised release for his 2003 conviction, indicating an "absolute disregard for the law, not only the law of the United States . . . but also the order of this Court." ROA, Vol. III at 57.

Mr. Carrasco-Rico appeals, contending that his sentence was substantively unreasonable.

## II. **DISCUSSION**

On appeal, a defendant may challenge a federal sentence on procedural or substantive grounds. *United States v. Adams*, 751 F.3d 1175, 1181 (10th Cir. 2014); *see Gall v. United States*, 552 U.S. 38, 51 (2007). "The procedural component concerns how the district court calculated and explained the sentence, whereas the substantive component concerns whether the length of the sentence is reasonable in light of the statutory factors under 18 U.S.C. § 3553(a)." *Adams*, 751 F.3d at 1181. Mr. Carrasco-Rico challenges only the substantive reasonableness of his sentence.

4

## A. *Legal Background*

A substantive-reasonableness challenge raises whether a sentence's length is reasonable considering the circumstances of the case under the factors set out in § 3553(a). *United States v. Durham*, 902 F.3d 1180, 1238 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 849 (2019). The factors include the (1) "nature and circumstances of the offense and the history and characteristics of the defendant"; (2) need for a sentence to reflect the crime's seriousness, to deter future crimes, to prevent the defendant from committing more crimes, and to provide rehabilitation; (3) legally available sentences; (4) Sentencing Guidelines; (5) Sentencing Commission's policy statements; (6) "need to avoid unwarranted sentence disparities"; and (7) need for restitution. 18 U.S.C. § 3553(a); *see United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018). "[T]hese factors do not necessarily bear equal weight, and the district court" must perform "the delicate task of balancing these factors." *United States v. Walker*, 844 F.3d 1253, 1259 (10th Cir. 2017).

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41. "[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). "And there are perhaps few arenas where the range of rationally permissible choices is as

5

large as it is in sentencing." *Id*. A district court "has an unquestionable institutional advantage over an appellate court to consider whether the facts of an individual case justify a variance under § 3553(a)." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).

With these principles in mind, "we deem a sentence unreasonable only if it is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012) (quoting *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009)). "[W]e presume that a sentence within the properly calculated guidelines range is reasonable." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019).

## B. *Analysis*

Mr. Carrasco-Rico has not shown that the district court abused its discretion. His sentence falls within the Guidelines range, so it is presumptively reasonable. Nothing in the record or Mr. Carrasco-Rico's arguments leads us to question that presumption.

The district court applied the § 3553(a) sentencing factors and concluded that a 46-month sentence was appropriate. The undisputed facts included Mr. Carrasco-Rico's four previous felony convictions, his repeated violations of immigration laws, and his return to the United States that violated the terms of supervised release for his 2003 conviction. The court concluded that Mr. Carrasco-Rico's offense was "more serious than the ordinary" and that there was a heightened need to protect the public from the risk of further offenses. ROA, Vol. III at 56-58.

Mr. Carrasco-Rico's arguments to the contrary are not convincing.

First, he argues the district court relied too much on his violation of the special condition of supervised release because that happened long ago. Because we cannot conclude that the "balance struck by the district court . . . [wa]s . . . arbitrary, capricious, or manifestly unreasonable," we reject Mr. Carrasco-Rico's argument. *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008).

Second, Mr. Carrasco-Rico argues the district court relied too heavily on his 2003 illegal reentry conviction because it was stale. But the court reasonably considered Mr. Carrasco-Rico's 2003 illegal reentry conviction, which was identical to the offense in this case, and his violation of a special condition of his supervised release for that conviction.

Third, Mr. Carrasco-Rico claims the district court improperly triple-counted his previous convictions by considering them in (1) increasing his offense level due to a prior illegal reentry offense and due to having committed a felony after being previously deported, (2) his criminal history category, and (3) the sentencing decision itself. But "we have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where . . . the Guidelines authorize it." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007). And a defendant's criminal history implicates the § 3533(a) sentencing factors that a district court must consider when imposing a sentence. *See Barnes*, 890 F.3d at 915, 918-19.

Fourth, Mr. Carrasco-Rico argues the district court gave insufficient weight to certain mitigating factors including his efforts to overcome substance abuse problems, his

employment, and his family circumstances.  Once again, we see nothing arbitrary, capricious, or manifestly unreasonable about the district court's balancing of mitigating factors and its determination that the mitigating factors did not "forgive breaking the law," ROA, Vol. III at 55-56, in Mr. Carrasco-Rico's case.

Mr. Carrasco-Rico has not overcome the presumption that his sentence was reasonable.  The district court did not abuse its discretion.

## III. **CONCLUSION**

We affirm the district court's sentence.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge