**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 27, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AMBER NICOLE RANSOM,

    Defendant - Appellant.

No. 24-6110
(D.C. No. 5:23-CR-00319-J-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]

_____

Defendant-Appellant, Amber Nicole Ransom, pled guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). I R. 25. She was sentenced to an above-guideline sentence of 90 months' imprisonment followed by three years' supervised release. Id. at 26–27. Ms. Ransom appeals, challenging the substantive reasonableness of her sentence. Aplt. Br. at 7. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**Background**

The parties are familiar with the facts, and we need not restate them at length. Briefly, on May 9, 2023, Oklahoma City police officers responded to a drive-by shooting at Unique Maxwell's apartment. II R. 5. Ms. Maxwell and her daughter were inside the apartment during the shooting, but neither were injured by the bullets that traveled through the wall and into the apartment. Id. at 5–6. Ms. Ransom was the suspected shooter because she had previously threatened Ms. Maxwell in connection with a dispute about a dog. Id. at 6. Supposedly, Ms. Ransom had purchased a dog from Ms. Maxwell, but problems between the two arose when the dog died shortly after the purchase and Ms. Ransom refused to issue a refund. Id.

Surveillance footage showed individuals in a white sedan conducting the shooting. Id. After discovering that the white sedan belonged to Ms. Ransom's boyfriend, Gordon Horner, police stopped the vehicle on May 16, 2023. Id. During the stop, officers found a stolen loaded Glock pistol in the car. Id. Ms. Ransom and Mr. Horner were arrested. Id. When executing a later search warrant, officers discovered another firearm and firearm-related items at the couple's shared residence. Id. During an interview, Mr. Horner admitted to driving the car by Ms. Maxwell's apartment while Ms. Ransom shot at the apartment from the back seat. Id. Mr. Horner's two-year-old grandson was sitting next to Ms. Ransom in the back seat of the car during the shooting. Id. Ms. Ransom denied shooting the gun. Id.

2

Ms. Ransom later pled guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).[1]  I R. 25.  The Presentence Investigation Report set a total offense level of 25.  II R. 8.  Ms. Ransom was in criminal history category II, rendering a guideline range of 63 to 78 months' imprisonment.  Id. at 19.

Ms. Ransom moved for a downward variance, arguing that her criminal history could be attributed to her "lifelong substance abuse issues, [which] stem from emotional trauma."  Id. at 25–29.  The district court, however, emphasized the "senseless" and "unnecessary" nature of the instant offense.  III R. 27–28.  The court was especially concerned about the fact that (1) Mr. Horner's two-year-old grandson was in the back seat with Ms. Ransom while she shot at Ms. Maxwell's apartment, and (2) Ms. Maxwell's daughter was inside the apartment during the shooting.  Id.  The government requested a top-of-the-guideline sentence, explaining that firing seven shots into an occupied building could even justify an upward variance.  Id.

The court stated that it would fashion a sentence that is punitive and offers "deterrence, protection, and just [] punishment."  Id. at 29.  Although the court expressed "no doubt" about Ms. Ransom's upbringing, addiction, and mental health issues, it (1) noted the need to protect the community from Ms. Ransom, and (2) stated concern about her "reckless disregard for life" and the fact that "deterrence has [not] prevailed."  Id. at 32–33.  After considering the 18 U.S.C. § 3553(a) factors, the court concluded "that a more robust sentence and period of supervision" was

[1] The underlying felony was Ms. Ransom's 2009 Oklahoma conviction for second degree robbery.  II R. 7, 9.

3

warranted.  Id. at 39.  Thus, the court varied upward and imposed a sentence of 90 months' imprisonment followed by three years' supervised release.  I R. 26–27.  The statement of reasons emphasizes that Ms. Ransom's "conduct exposed others to harm, including children who were present at the time" of the shooting.  II R. 32.

On appeal, Ms. Ransom asserts that her above-guideline sentence is substantively unreasonable because (1) the guideline calculation already reflected the seriousness of the offense and the danger that she poses to the public, and (2) her criminal history can be attributed to her tumultuous upbringing, including her addiction and mental health struggles, such that an upward variance is not justified.  Aplt. Br. at 4–7.  We are not persuaded.

### Discussion

Sentencing decisions are reviewed for an abuse of discretion.  United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008).  An abuse of discretion occurs when a sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable."  Id. (quotations omitted).  We may review sentences for both procedural and substantive reasonableness.  United States v. Gall, 552 U.S. 38, 51 (2007).  Ms. Ransom challenges only the substantive reasonableness of her sentence.  Aplt. Br. at 3.

Substantive reasonableness considers whether the length of a sentence is too long or too short.  United States v. Walker, 844 F.3d 1253, 1255 (10th Cir. 2017).  A sentence may be substantively unreasonable if the totality of the circumstances renders its length unreasonable "in light of the 18 U.S.C. § 3353(a) factors."  Haley,

4

529 F.3d at 1311. Appellate courts "do not reweigh the sentencing factors," but rather "ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." United States v. Blair, 933 F.3d 1271, 1274 (10th Cir. 2019) (quotations omitted). In this regard, the district court's judgment is afforded deference because sentencing judges are best suited to make fact-specific sentencing determinations in individual cases. Gall, 552 U.S. at 51.

At bottom, district courts have "broad discretion" in sentencing. United States v. Barnes, 890 F.3d 910, 921 (10th Cir. 2018) (quotations omitted). The advisory guidelines, however, are a "starting point and the initial benchmark" for sentences. Kimbrough v. United States, 552 U.S. 85, 108 (2007) (quotations omitted). In reviewing a sentence, appellate courts are not a "rubber stamp" for the district court's decisions. United States v. Pinson, 542 F.3d 822, 836 (10th Cir. 2008). But we give deference to the district court's assessment that the variance is warranted by the sentencing factors. Gall, 552 U.S. at 51.

We first reject Ms. Ransom's argument that her sentence is substantively unreasonable insofar as the guideline calculation already reflected the seriousness of the offense and the danger that she poses to the public. Aplt. Br. at 5–6. It is well-established in this circuit that, when fashioning a sentence, a district court may consider facts that have already been accounted for in computing the correct guideline range. Barnes, 890 F.3d at 921.

We also reject Ms. Ransom's argument that the upward variance was not justified because her criminal history can be attributed to her troubled past. Aplt. Br.

5

at 6. This court has rejected similar arguments when affirming above-guideline sentences on previous occasions. E.g., United States v. Carrillo, No. 23-2105, 2024 WL 887072, at *3–4 (10th Cir. Mar. 1, 2024); United States v. Cade, 766 F. App'x 686, 690–91 (10th Cir. 2019). Indeed, we are careful not to intrude upon the district court's discretion where it assesses the statutory factors and nevertheless concludes that an above-guideline sentence is warranted to achieve sentencing goals. Carrillo, 2024 WL 887072, at *4; cf. United States v. Crosby, 119 F.4th 1239, 1249 (10th Cir. 2024) (finding substantive unreasonableness where the district court focused almost exclusively on one § 3553(a) factor and failed to discuss others).

Here, the district court shared Ms. Ransom's concerns that her past afflictions, including her addiction and mental health issues, "have not been sufficiently addressed," and expressed "no doubt" that "those were contributing factors." III R. 32. Even though the district court generally agreed with Ms. Ransom on those points, its careful and individualized assessment of the § 3553(a) factors nevertheless persuaded it that "a more robust sentence and period of supervision" was necessary. Id. at 39; see also Cade, 766 F. App'x at 688–90.

For example, regarding the nature and circumstances of the offense and history and characteristics of the defendant, the court emphasized that Ms. Ransom is 40 years old and committed a "senseless" shooting, which "could have killed or seriously injured" others, all because of a dispute over a dog. III R. 36–38. The court discussed its apprehension regarding Ms. Ransom's "reckless disregard for life" given that at least two children were unnecessarily endangered by the shooting. Id. at

38. Ms. Ransom suggests that the fact that children were endangered was already accounted for by a 4-point enhancement for using a firearm in connection with another felony offense. Aplt. Br. at 5. But we find no error in the district court's alternative conclusion: that the guideline did not "reflect the nature and serious[ness]" of the offense, given that two children and potential bystanders could have been injured or killed by Ms. Ransom's senseless conduct. III R. 40.

As to deterrence, the court noted that Ms. Ransom's criminal history suggests that deterrence has not yet succeeded. Id. at 33. The court also "juxtapose[d]" Ms. Ransom's tumultuous past "against the nature and seriousness of [her] offense and the context of [her] criminal history and the need to both protect the public and to deter [her] from further engagement in criminal activity[.]" Id. at 39. The court was thereafter convinced that an upward variance was necessary "due to [Ms. Ransom's] reckless disregard for life, the need for deterrence, and [the court's] belief that the guideline doesn't reflect the nature and serious[ness] of [the] offense." Id. at 40.

In sum, the district court carefully considered Ms. Ransom's conduct, her past, and her endangerment of innocent people — including children — during the offense which occurred due to a dispute about a dog. Id. at 36–40. Ms. Ransom's argument that the district court "failed to take into account certain mitigating factors" is belied by the sentencing transcript, which shows the district court's obvious regard for Ms. Ransom's arguments. Aplt. Br. at 3; III R. at 39. Despite the court's consideration of those points, it nevertheless analyzed the § 3553(a) factors and concluded that an upward variance was necessary to accomplish sentencing goals. III R. 39–40.

Therefore, we cannot say that the district court's careful and reasoned decision to vary upward in this case was "arbitrary, capricious, or manifestly unreasonable." Haley, 529 F.3d at 1311 (quotations omitted); cf. Crosby, 119 F.4th at 1249. Indeed, there is nothing in the record to suggest that the district court's sentence is beyond the "range of rationally available choices that facts and the law at issue can fairly support." Blair, 933 F.3d at 1274 (quotations omitted). Ms. Ransom's sentence is substantively reasonable, and the district court's judgment is

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge