**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 24, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL LEE JUMPER,

    Defendant - Appellant.

No. 24-5147
(D.C. No. 4:22-CR-00017-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Daniel Lee Jumper appeals from a 24-month revocation sentence imposed following his violation of three conditions of supervised release. Mr. Jumper argues the 24-month sentence is substantively unreasonable under the totality of the circumstances because the United States Sentencing Guidelines ("Guidelines") recommended a sentence between 5 and 11 months. For the reasons explained below, we disagree and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

In March 2023, Mr. Jumper pleaded guilty to one count of assault of an intimate partner in Indian Country and was sentenced to 20 months in prison, to be followed by three years of supervised release. *See* 18 U.S.C. §§ 1151, 1153. In his sentencing statement provided to the district court, Mr. Jumper stated that he had sought substance abuse and mental health treatment for a diagnosis of Bipolar Disorder I and was seeking "to curtail the behaviors which led to his current situation." ROA Vol. I at 59. In May 2023, Mr. Jumper was released from custody early and began his three-year supervised release term.

In September 2023, the U.S. Probation Office petitioned to revoke Mr. Jumper's supervised release after he tested positive for methamphetamine and failed to attend a mandatory counseling appointment. When Mr. Jumper failed to appear at his first revocation hearing, the district court issued a warrant for his arrest. Following Mr. Jumper's arrest, the district court granted Mr. Jumper's request to enter an inpatient rehabilitation program and to continue the revocation proceedings. It also cautioned Mr. Jumper that "this is an opportunity that you need to take advantage of" and that it did not "want to hear any more excuses." ROA Vol. III at 27.

Mr. Jumper left his rehabilitation program two weeks later without notifying his probation officer, prompting the U.S. Probation Office to file a second petition to revoke his supervised release. At the revocation hearing, the district court sentenced Mr. Jumper to 11 months in prison to be followed by a two-year term of supervised

2

release. The court explained, "Mr. Jumper has shown disregard for the rules and conditions of supervised release," "failed to attend [] his counseling appointments as directed," and left inpatient treatment after being "given an opportunity to attend." ROA Vol. III at 153.

In September 2024, Mr. Jumper began his second term of supervised release. After just a few weeks, his probation officer reported that Mr. Jumper had "struggled to comply with his conditions of supervision." ROA Vol. I at 127. Namely, Mr. Jumper failed to attend a required counseling appointment. He stated that he missed the appointment because he was "spending time with his family due to his nephew unexpectedly passing away." *Id.* Mr. Jumper then failed to move into a sober living program as required, missing intake appointments, despite numerous conversations with his probation officer explaining this requirement. The U.S. Probation Office petitioned for a one-week jail sanction, which the district court granted.

Prior to his one-week jail sanction, Mr. Jumper submitted a urine sample that tested positive for methamphetamine. This prompted the U.S. Probation Office to move to revoke Mr. Jumper's term of supervised release because he violated mandatory conditions, including one requiring him to refrain from unlawful use of controlled substances.

At the revocation hearing, Mr. Jumper stipulated that he had violated his mandatory conditions of release by missing counseling appointments, failing to enter a sober living facility, and testing positive for methamphetamine. But he urged "that

his issues on supervised release are the result of a continuing struggle with methamphetamine addiction," and requested a within-Guidelines sentence to "have an opportunity to seek some drug treatment." ROA Vol. III at 163.

The district court noted that the policy provisions of the Guidelines at § 7B1.4(a) specified a range of imprisonment between 5 and 11 months, while the statutory provisions of 18 U.S.C. § 3583(e) provided for a term of imprisonment of up to 24 months. It further explained that it had reviewed the policies, Guidelines, and the sentencing factors enumerated at 18 U.S.C. § 3583(e) and 3553(a). The court then stated that because Mr. Jumper had "shown disregard for the rules and conditions of supervised release as indicated by" the stipulated violations, along with a "repeated unwillingness to comply with the terms of supervised release imposed by this court," it had determined "a sentence outside the advisory guideline range is needed to serve as an adequate deterrent to [him], as well as others, and provide protection for the public." *Id.* at 166. The court then pronounced it was revoking the term of supervised release and imposing a sentence of 24 months in prison.

The court further explained that while it "believe[d] in second chances," because Mr. Jumper "had a fourth chance and then beyond," it was not willing to grant Mr. Jumper's request for a within-Guidelines sentence. *Id.* at 167. The court also addressed Mr. Jumper's addiction struggles and encouraged him "to go all in on [his] treatment and accept the help that [he] need[s]" while in the custody of the Bureau of Prisons. *Id.* at 169.

4

Mr. Jumper timely appealed.[1]

## II.    STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3583(e), a district court may revoke a term of

supervised release if a defendant violates conditions of supervised release. *See, e.g.*,

*United States v. Salazar*, 987 F.3d 1248, 1253 (10th Cir. 2021). The district court

may reincarcerate a defendant up to the "term of supervised release authorized by

statute for the offense that resulted in such term of supervised release." 18 U.S.C.

§ 3583(e)(3). In "deciding whether to revoke a term of supervised release and

determining the sentence imposed after revocation, the district court must consider

the factors set out in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),

(a)(5), (a)(6), and (a)(7)."[2] *United States v. McBride*, 633 F.3d 1229, 1231 (10th Cir.

---

[1] We have jurisdiction over Mr. Jumper's timely appeal under 28 U.S.C. § 1291.

[2] As set out in 18 U.S.C. § 3553(a), those factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner;" (3) "the kinds of sentence and the sentencing range established;" (4) "any pertinent policy statement issued by the Sentencing Commission;" (5) "the need to avoid unwarranted sentence disparities;" and (6) "the need to provide restitution to any victims."
    "Notably absent from this list is § 3553(a)(2)(A), which directs courts to consider the '(2) need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *United States v. Booker*, 63 F.4th 1254, 1258 (10th Cir. 2023); *see also Estreras v. United States*, 145 S. Ct. 2031, 2040–41 (2025). Here, the district court properly did not reference § 3553(a)(2)(A). *See* ROA Vol. III at 166.

2011). "Our review of the court's application of these factors is deferential," and we will uphold a revocation sentence "if it can be determined from the record to have been reasoned and reasonable," *i.e.*, both procedurally and substantively reasonable. *Id.* at 1231–32 (internal quotation marks omitted). Mr. Jumper argues his 24-month revocation sentence is substantively unreasonable.

"Substantive reasonableness focuses on whether the length of the sentence is reasonable in light of the factors contained in 18 U.S.C. § 3553(a)." *United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011). Substantive reasonableness is reviewed under the "familiar abuse-of-discretion standard of review," *id.* (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)), "looking at the totality of the circumstances," *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019) (internal quotation marks omitted). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation marks omitted).

This standard applies "without regard to whether the district court imposes a sentence within or outside the advisory Guidelines range." *Id.* As such, "we do not apply a presumption of unreasonableness to sentences outside the [G]uidelines range." *Cookson*, 922 F.3d at 1090. "Instead, we give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." *Id.* at 1090–91 (internal quotation marks omitted). "That we might reasonably have concluded a different sentence was appropriate is insufficient to

justify reversal of the district court." *Id.* at 1091 (quotation marks omitted). However, "[a] 'major' variance" from the Guidelines range "should have 'a more significant justification than a minor one.'" *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014) (quoting *Gall*, 552 U.S. at 50). Given that the Guidelines range in this case was 5 to 11 months, Mr. Jumper's revocation sentence of 24 months requires a "more significant justification." *Gall*, 552 U.S. at 50.

District courts imposing sentences are charged with "engag[ing] in a holistic inquiry of the § 3553(a) factors," *Lente*, 759 F.3d at 1174 (quotation marks omitted), and "consider[ing] every convicted person as an individual," *Gall*, 552 U.S. at 52 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). A district court should not rely solely on one § 3553(a) factor without addressing other relevant factors. *See United States v. Walker*, 844 F.3d 1253, 1259 (10th Cir. 2017). "A limited, brief, or inconsistent explanation" can hinder our review of a sentence's substantive reasonableness. *Cookson*, 922 F.3d at 1091. Therefore, we have concluded a sentence is substantively unreasonable where the district court placed "nearly exclusive focus" on one § 3553(a) factor and did not explain the weight afforded to other factors, preventing us from deferring to its determination that the sentence was supported by all the § 3553(a) factors. *Id.* at 1094–95.

At the same time, we owe considerable deference to the weight the district court affords each § 3553(a) factor and to its determination of the sentence "given all the circumstances of the case in light of the [§ 3553(a)] factors." *United States v. Gieswein*, 887 F.3d 1054, 1064 (10th Cir. 2018) (quotation marks omitted). We have

7

recognized that "the district court need not afford equal weight to each § 3553(a) factor," and we defer "not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *Cookson*, 922 F.3d at 1094 (quotation marks omitted). This is because the district court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Gall*, 552 U.S. at 51. "The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *United States v. Barnes*, 890 F.3d 910, 915–16 (10th Cir. 2018) (quoting *Gall*, 552 U.S. at 51).

## III.    ANALYSIS

Mr. Jumper argues the district court "imposed a major variance without a compelling justification," and therefore his sentence was substantively unreasonable. Appellant's Br. at 12. We disagree. The district court explained that it was troubled by Mr. Jumper's repeated violations of his conditions of supervised release, and that the most recent violations illustrated his "disregard for the rules and conditions of supervised release." ROA Vol. III at 166. It determined a sentence outside of the Guidelines range was therefore necessary to serve as an adequate deterrent to Mr. Jumper "as well as others," and to protect the public. *Id.* The district court then acknowledged Mr. Jumper's addiction struggles and encouraged him to seek the treatment available in prison. This discussion explicitly or implicitly considered "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to afford adequate deterrence to criminal

8

conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed . . . correctional treatment," and the sentencing range established by the Guidelines. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4). Put another way, the district court "gave careful consideration to the Guidelines[] but concluded that other § 3553(a) factors—promoting respect for the law, affording adequate deterrence, and protecting the public from further crimes— required a substantial upward variance." *Gieswein*, 887 F.3d at 1064. We owe "substantial deference" to that determination and we cannot say the district court abused its discretion. *Id.* (quotation marks omitted). Each of Mr. Jumper's arguments to the contrary are unavailing.

First, Mr. Jumper stresses that the upward variance to 24 months from a 5- to 11-month range is "an increase ranging from 118 to 380[] percent." Appellant's Br. at 13. But "[w]e do not apply 'a rigid mathematical formula that uses the percentage of a [variance] as the standard for determining the strength of the justifications for a specific sentence,'" as long as the justification for the variance is "sufficiently compelling." *United States v. Sample*, 901 F.3d 1196, 1199 (10th Cir. 2018) (quoting *Gall*, 552 U.S. at 47). In fact, we have previously upheld an identical variance where the explanation given by the district court under the § 3553(a) factors was adequate. *See United States v. Williams*, 994 F.3d 1176, 1179–80 (10th Cir. 2021) (holding district court did not abuse discretion in imposing 24-month revocation sentence despite Guidelines range being 5 to 11 months because the district court adequately explained its concerns about the defendant's history of violating supervised release

conditions during hearing); *see also United States v. Booker*, 63 F.4th 1254, 1263 (10th Cir. 2023) (holding that even where district court impermissibly mentioned 18 U.S.C. § 3553(a)(2)(A) in revocation hearing, imposition of 24-month revocation sentence instead of a sentence within 5- to 11-month Guidelines range did not violate the defendant's substantial rights because district court adequately explained why under the § 3553(a) factors as a whole the longer sentence was needed).

Second, Mr. Jumper argues the "court's reasons for deviating so far above the Guidelines were unreasonable." Appellant's Br. at 13. Specifically, Mr. Jumper argues that the district court's statement that "a sentence outside the advisory guidelines is needed to serve as an adequate deterrent to this defendant, as well as to others, and provide protection for the public" was not sufficient. *Id.* (quoting ROA Vol. III at 166). Instead, according to Mr. Jumper, the district court needed to account for the "nature and circumstances" of the violations leading to the revocation hearing. *Id.* at 13–14. Because those circumstances—the positive drug test, failing to attend a counseling session, and not participating in a sober living program—were not violent, he contends they "did not create a need to incarcerate someone for two years to protect the public." *Id.* at 14.

Again, we owe considerable deference to the weight the district court affords each § 3553(a) factor and to its determination of the sentence "given all the circumstances of the case in light of the [§ 3553(a)] factors." *Gieswein*, 887 F.3d at 1064 (quotation marks omitted). Where a defendant "simply disagrees" with how the district court weighed the § 3553(a) factors, a sentence is not substantively

10

unreasonable. *United States v. DeRusse*, 859 F.3d 1232, 1240–41 (10th Cir. 2017); *see also United States v. Washington*, No. 24-7042, 2025 WL 1602766, at *6 (10th Cir. June 6, 2025) (unpublished) (explaining "we cannot reweigh the § 3553(a) factors on appeal").[3] As recounted above, the district court here explained that it had considered each of the § 3553(a) factors; it specifically discussed the history and characteristics of Mr. Jumper, the nature and circumstances of Mr. Jumper's supervised release violations, the need for deterrence, and the need to protect the public in explaining why a statutory maximum 24-month sentence was necessary. Considering all the circumstances of this case, we cannot say the district court abused its discretion in imposing this sentence.

Third, Mr. Jumper argues that his history and characteristics, "including his struggles with substance abuse and bi-polar disorder," "mitigate his culpability" and militate in favor of a lower sentence. *Id.* at 16. Similarly, he argues that § 3553(a)'s statement that "a sentence must be imposed in the 'most effective manner' to provide any needed treatment" means that someone, like him, "with nonviolent violations and a drug problem," should not be subject to a two-year prison sentence which is "less likely to have a meaningful deterrent effect" given his underlying substance abuse issues. *Id.* at 17 (quoting 18 U.S.C. § 3553(a)(2)(D)).

---

[3] We cite unpublished cases for their persuasive value only and do not treat them as binding authority. *See United States v. Ellis*, 23 F.4th 1228, 1238 n.6 (10th Cir. 2022).

But Mr. Jumper's cited case law supports only the unremarkable proposition that the district court would have had discretion to weigh the § 3553(a) factors differently and impose a different sentence given Mr. Jumper's addiction struggles. Nothing in our case law *required* the district court to conclude that Mr. Jumper's substance abuse and mental health challenges required a lower revocation sentence, much less indicates that the district court abused its discretion in not crediting Mr. Jumper's arguments for a lower sentence. *Cf. United States v. Lucero*, 130 F.4th 877, 887–88 (10th Cir. 2025) (affirming statutory maximum sentence where district court's explanation established it had considered and rejected the defendant's argument in favor of a lower sentence). Indeed, we have never required district courts to explicitly discuss every § 3553(a) factor—much less specific subsets of those factors—for a sentence to be substantively reasonable. *See, e.g.*, *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007); *United States v. Fowler*, No. 24-6087, 2025 WL 1166455, at \*4 (10th Cir. Apr. 22, 2025) (unpublished) (holding district court did not abuse its discretion by not considering a subset of history and characteristics—the defendant's age—as a mitigating factor at sentencing).

In short, we afford considerable deference to a district court's weighing of the § 3553(a) factors in each individual case, and we cannot say the district court abused that discretion here. Rather, the district court provided a sufficiently compelling justification for the upward variance which we will not disturb on appeal.

12

## IV.    CONCLUSION

We AFFIRM Mr. Jumper's sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge